IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES TAYLOR MURRAY,

    Plaintiff,                             No. CIV S-04-1367 MCE GGH P

    vs.

H.D.S.P. MEDICAL CARE, et al.,

    Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for judgment on the pleadings filed September 15, 2005. After carefully considering the record, the court recommends that defendants' motion be granted in part and denied in part.

        This action is proceeding on the amended complaint filed October 8, 2004. The court ordered service of defendants Brown, James, Rohlfing, Dial, Cox, Roche, Sandham, Wagner, Jackson and Felker. On April 6, 2004, defendants James, Rohlfing, Dial, Cox, Roche, Sandham, Wagner, Jackson and Felker filed an answer. On September 15, 2005, the pending motion for judgment on the pleadings was filed on behalf of defendants James, Rohlfing, Dial, Cox, Roche, Sandham, Wagner, Jackson and Felker.

/////

On December 2, 2005, the parties stipulated to the dismissal of defendants Brown, Dial and Sandham. On March 22, 2006, the parties stipulated to the dismissal of defendant James. Accordingly, the court finds that the motion for judgment on the pleadings is addressed to the following defendants: Rohlfing, Cox, Roche, Wagner, Jackson and Felker.

Defendants first move for judgment on the pleadings on grounds that plaintiff failed to exhaust his administrative remedies. 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) the Ninth Circuit held that an "unenumerated 12(b)" motion is the proper motion to challenge a plaintiff's failure to exhaust administrative remedies. The Ninth Circuit allows a 12(b) motion any time before a responsive pleading has been filed. See Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1474 (9th Cir. 1988) (citing Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1340-41 (9th Cir. 1976)

1  (In Bechtel, the Ninth Circuit noted that "while some courts hold that Rule 12(b) motions must
2  be made within 20 days of service of the complaint, the rule itself only requires that such motions
3  'be made before pleadings if a further pleadings is permitted.'"); see also Ritza v. International
4  Longshoremen's and Warehousemen's Union, 837 F.2d 365 (9th Cir. 1988).

5        Defendants' motion for judgment on the pleadings is defective in two respects.
6  First, a motion for failure to exhaust administrative remedies is an affirmative defense and is
7  required to be raised in a non-enumerated 12(b) motion.  Second, even if the court construed
8  defendants' motion as a non-enumerated 12(b) motion, it would be untimely because it was filed
9  after defendants filed their answer.  For these reasons, the motion for judgment on the pleadings
10  based on plaintiff's failure to exhaust administrative remedies should be denied.

11        Defendants also move to dismiss plaintiff's claim that defendants Jackson and
12  Felker failed to respond to his administrative grievances on grounds that plaintiff has no
13  constitutional right to a prison grievance system.  Judgment on the pleadings is proper when the
14  moving party clearly establishes on the face of the pleadings that no material issue of fact
15  remains to be resolved and that it is entitled to judgment as a matter of law.  Hal Roach Studios,
16  Inc. v. Richard Feiner & Co, Inc., 896 F.2d 1542, 1549 (9th Cir. 1989).

17        The amended complaint contains the following allegations against defendants
18  Jackson and Felker.  Plaintiff alleges that defendant Jackson denied him his right to file an
19  administrative grievance by not responding to his appeals. Amended Complaint, p. 4: 11-12.
20  Plaintiff alleges that he wrote a letter to the Warden regarding his problems with administrative
21  grievances.  This letter was passed down to defendant Felker who told plaintiff to go through the
22  appeals coordinator.  Id., p. 4: 13-15.  Plaintiff later again alleges that defendant Jackson denied
23  him his right to access the appeals system.  Id., p. 6: 26-27.

24        Plaintiff has no constitutional right to a prison grievance procedure.  Ramirez v.
25  Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)
26  (order) ("[t]here is no legitimate claim of entitlement to a grievance procedure.").  Pursuant to

1  Ramirez and Mann, the court finds that plaintiff has failed to state colorable claims against
2  defendants Jackson and Felker.  Accordingly, defendants' motion for judgment on the pleadings
3  should be granted as to the claims against these defendants.
4         Accordingly, IT IS HEREBY RECOMMENDED that defendants' September 15,
5  2005, motion for judgment on the pleadings be granted with respect to plaintiff's claims against
6  defendants Jackson and Felker; defendants' motion should be denied in all other respects.
7         These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED:   5/4/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

18 ggh:kj
   mur1367.mtd