IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES TAYLOR MURRAY,

       Plaintiff,                      No. CIV S-04-1367 MCE GGH P

      vs.

H.D.S.P. MEDICAL CARE, et al.,

       Defendants.              FINDINGS & RECOMMENDATIONS

_____/

       Pending before the court is defendants' July 25, 2006, motion for terminating sanctions pursuant to Fed. R. Civ. P. 37. For the following reasons, the court recommends that defendants' motion be granted.

       On November 23, 2005, defendants filed a motion to compel. Plaintiff did not file an opposition. Accordingly, on May 3, 2006, the court ordered plaintiff to show cause within ten days why defendants' motion should not be granted. Ten days passed and plaintiff did not respond. Accordingly, on June 28, 2006, the court granted the motion to compel and ordered plaintiff to provide defendants with supplemental responses within twenty days. On July 25, 2006, defendants filed the pending motion. Defendants state that plaintiff did not provide the supplemental responses as ordered by the court on June 28, 2006.

/////

1  On August 18, 2006, plaintiff filed an opposition to defendants' motion for
2  terminating sanctions. Plaintiff claimed that he did not receive the May 3, 2006, and June 28,
3  2006, orders. Plaintiff stated that he required additional time to obtain the mail log to prove that
4  he did not receive these orders. Accordingly, on November 15, 2006, the court granted plaintiff
5  thirty days to file the mail logs supporting his claim that he did not receive the May 3, 2006, and
6  June 28, 2006, orders.

7  On December 15, 2006, plaintiff filed a response to the November 15, 2006,
8  order. Plaintiff claims that the mail logs attached to his pleading demonstrate that he did not
9  receive the May 3, 2006, and June 28, 2006, orders. Attached to the pleading are mail logs
10 indicating that plaintiff received mail from this court on May 22, 2006, June 16, 2006, July 3,
11 2006, July 14, 2006, August 7, 2006, and November 20, 2006.

12 In May 2006 the court served orders and findings and recommendations on
13 plaintiff on May 3, 2006, and May 4, 2006. These pleadings were served on plaintiff at High
14 Desert State Prison. They were not returned unserved. On May 3, 2006, plaintiff filed a notice
15 of change of address indicating that he had been transferred to the California Correctional
16 Institution (CCI). On June 13, 2006, the May 3, 2006, and May 4, 2006, documents were re-
17 served on plaintiff at CCI. On June 28, 2006, the court served plaintiff with the order granting
18 defendants' motion to compel. The next order served on plaintiff by the court is dated July 12,
19 2006.

20 Clearly, the mail log dated June 16, 2006, must be for the May 3, 2006, order re-
21 served on plaintiff on June 13, 2006. The mail log dated July 3, 2006, must be for the June 28,
22 2006, order. Accordingly, the court finds that the mail logs submitted by plaintiff demonstrate
23 that he received the at-issue orders.

24 Federal Rule of Civil Procedure 37 provides in relevant part,

25 > If a party...fails to obey an order to provide or permit discovery,...the court in
>  which the action is pending may make such orders in regard to the failure as are
26 > just, and among others the following:

1    ***

2    (C) An order striking out pleadings or parts thereof, or staying further proceedings
     until the order is obeyed, or dismissing the action or proceeding or any part
3    thereof, or rendering a judgment by default against the disobedient party[.]

4    Fed. R. Civ. P. 37(b)(2)(C).

5          A district court has discretion in imposing discovery sanctions. Payne v. Exon.

6    Corp., 121 F.3d 503, 507 (9th Cir. 1997). A court is permitted to impose the drastic sanction of

7    dismissal or default under Rule 37(b)(2)(C) only in "extreme circumstances" where the violation

8    is "due to willfulness, bad faith, or fault of the party." In re Exxon Valdez, 102 F.3d 429, 432

9    (9th Cir. 1996). In determining whether to dismiss an action or enter default pursuant to Rule

10   37(b)(2)(C) the court must consider five factors: 1) the public's interest in expeditious resolution

11   of litigation; 2) the court's need to manage its own docket; 3) the risk of prejudice to the

12   opposing party; 4) the public policy favoring disposition of cases on their merits; and 5) the

13   availability of less drastic sanctions. Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115

14   (9th Cir. 2004).

15         The court now considers the five factors set forth above. Plaintiff's failure to

16   respond to two court orders regarding discovery has caused the delay in resolution of this action.

17   Accordingly, the first factor favors dismissal. Plaintiff's failure to respond to the orders has also

18   caused the court to expend considerable resources on this matter. Accordingly, the second factor

19   favors dismissal. Plaintiff's failure to respond to discovery requests has prejudiced defendants by

20   delaying resolution of this action as well as causing defendants to expend considerable resources

21   in litigating this matter. Accordingly, the third factor favors dismissal. The public policy

22   favoring disposition of cases on their merits does not favor dismissal. However, a failure to

23   respond to discovery requests undermines the court's ability to resolve cases on their merits.

24   Finally, less drastic sanctions are available. However, plaintiff has clearly failed to respond to

25   and obey two court orders, and has not been candid with the court. The court is reluctant to

26   expend further resources on an action so casually litigated by the plaintiff. Accordingly, the

court finds that dismissal is appropriate.

IT IS HEREBY RECOMMENDED that defendants' July 25, 2006, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   1/17/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

murr1367.mtd